UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| AMERIMEX RECYCLING, L.L.C. ET AL | : | DOCKET NO. 2:07-cv-2090 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| PPG INDUSTRIES, INC. ET AL. | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

On December 28, 2007, plaintiffs filed a Motion to Remand the above captioned proceedings. Doc. 9. On January 1, 2007, plaintiffs filed a Motion to Amend/Correct Complaint. Doc. 10. Defendants oppose both these motions. Doc. 12, 15. For reasons discussed below, plaintiffs' motions are DENIED.

**I.
Background**

Plaintiffs originally filed this action in the Fourteenth Judicial District Court for Calcasieu Parish, Louisiana against defendants PPG Industries (PPG) and its employee Greg Trahan. Doc. 1-1. Defendant PPG removed the case to this court in accordance with 28 U.S.C. § 1441(a), contending that this court has diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. 1. Plaintiffs have moved to remand contending that this court does not have original diversity jurisdiction as the plaintiffs and defendant Trahan are all citizens of Louisiana.[1] Doc. 9.

---

[1] The parties do not dispute that the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a).

1

## II.
## Plaintiffs' Motion to Remand

Plaintiffs maintain that complete diversity of citizenship is lacking as plaintiffs and defendant Trahan are citizens of Louisiana. Defendants maintain that the citizenship of Trahan should not be considered as he was improperly joined. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

On removal of an action to federal court, it is the removing party's burden to prove that the court has jurisdiction to hear a claim. *Id.* If removal is based on the claim that non-diverse parties have been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the nondiverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)).

When considering whether a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995). However, "the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333-34 (5th Cir. 2004). Even under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Tex. State Bd. of Dental Exam'rs,* 204 F.3d 629, 633 (5th Cir. 2000).

Because there is no alleged fraud in this case, this court must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state, non-diverse defendant Trahan, *i.e.* that there is "no reasonable basis" for the district

court to predict that the plaintiff might recover against the in-state, non-diverse defendant. *Smallwood*, 385 F.3d at 573.

   A.  **Defamation**

To state a claim in defamation, the plaintiff must affirmatively prove "(1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) negligence . . . on the part of [defendant]; and (4) resulting injury. If even one of these required elements is found lacking, the cause of action fails." *Kennedy v. Sheriff of E. Baton Rouge* 935 So.2d 669, 681 (La. 2006).

Allegations of the complaint that suggest defamation are that PPG and Trahan caused the employees to be stopped at the gate, that PPG and Trahan accused them of stealing metals as they attempted to leave, and that "employees of PPG during the course and scope of their employment for PPG told people that Amerimex employees were caught stealing from PPG." Doc. 1-1, at ¶¶ 18, 23.

In *Kennedy*, *supra*, the Louisiana Supreme Court found that a privilege protected the speech of Jack in the Box employees in a situation similar to that complained of here. 935 So.2d at 682-83. In that case, the employees reported to the police the possible commission of a crime (counterfeiting) by plaintiff. *Id.* at 683. Specifically the *Kennedy* court held there exists a privilege that protects the reporting of the possible commission of a crime as long as the party reporting the conduct did not do so with the intent to mislead. *Id.* "In other words, the qualified or conditional privilege extended to the communication of alleged wrongful acts to the officials authorized to protect the public from such acts is founded on a strong public policy consideration: vital to our system of justice is that there be the ability to communicate to police officers the alleged wrongful acts of others without fear of civil action for honest mistakes." *Id.*

3

Plaintiffs here do not allege that Trahan acted without good faith or a reason to suspect wrongdoing on the part of Amerimex's employees when he reported their behavior to PPG security who in turn reported it to police. Doc. 1-1. Further Trahan, in his affidavit, states that he had never dealt with Amerimex before October 2, 2006 and had no knowledge of any custom or agreement allowing Amerimex employees to remove metals other than those specified by contract as they allegedly did on October 31, 2006. Doc. 15-2, at 2-4. Upon a report by his assistant, Dores Ryder, that the employees were taking metals not specified in Amerimex's contract, Trahan reported the behavior to PPG security who, pursuant to instruction from PPG upper management, called law enforcement. *Id.* at 7-8. When officers arrived, Trahan gave an oral and a written statement. *Id.* at 8. Trahan's affidavit does not admit publishing his suspicions to any person or entity other than law enforcement. *Id.*

Even in the event the factual allegations made by plaintiffs against Trahan are true, they fail to sustain a claim of defamation. These allegations were made to either law enforcement, and were therefore privileged, *Kennedy supra*, or within the employment setting. There is no allegation that these reports were made with intent to mislead. The only alleged "publication to a third party" (someone other than law enforcement) was the supposed communication by "employees of PPG" who "told people" of the alleged thievery, but this allegation is not specific to defendant Trahan.[2]

## B. False Imprisonment

"False imprisonment occurs when one arrests and restrains another against his will and

---

[2] Plaintiffs do attempt to augment the allegations about Trahan's participation in this publication through the amended complaint they move this court to allow; however, as we also point out in Part III, removal jurisdiction based on diversity of parties is determined by reference to the pleadings as they existed at the time of removal and we do not therefore consider any allegations of the proposed amended complaint. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 144 F.3d 256, 264 (5th Cir. 1995).

without statutory authority." *Kennedy*, 935 So.2d at 689-90. Amerimex asserts in its complaint that "PPG and Trahan caused them to be stopped and accused them of attempting to steal metals" and that "PPG and Trahan had the Amerimex employees detained and held." Doc. 1-1, at ¶¶ 18, 19.

The allegation made against Trahan by the plaintiffs is that he personally caused plaintiffs to be detained for over an hour [Doc. 1-1, at ¶ 19; Doc. 9-1, at 8]; however, according to his affidavit, Trahan did not imprison or detain anyone. Instead Trahan provided information to PPG's security personnel who detained Amerimex's employees. Doc. 15-2, at 6-8, 13-14. Oversight of and interaction with salvage purchasers are part of Mr. Trahan's supervisory duties. *Id.* at 2. Further, Mr. Trahan avers that he did not participate in any decision to detain Amerimex or to call law enforcement. *Id.* at 8. Plaintiffs have offered no affidavits to the contrary.

Plaintiffs offer nothing to refute Trahan's affidavit that we consider when using the "summary judgment-like" approach to this question and they cannot rely on the mere allegations of their pleading to support their motion to remand. *Beck*, 204 F.3d at 633. Accordingly the court finds that there is no possibility of recovery against Mr. Trahan on a claim of false imprisonment.

### C. Conclusion on Motion to Remand

For the foregoing reasons, the undersigned finds that defendants have carried their burden of establishing no possibility of recovery against Mr. Trahan. Accordingly, his citizenship may be disregarded for purposes of assessing whether there is complete diversity, and plaintiffs' Motion to Remand [Doc. 9] is properly denied.

# III.
# Plaintiffs' Motion to Amend

Plaintiffs move this court for permission to amend their complaint. Through their amendment plaintiffs seek to bolster their claims against defendant Trahan. Defendants claim plaintiffs are attempting to amend solely for purposes of defeating diversity jurisdiction and that, accordingly, the motion should be denied.

Once a responsive pleading has been filed, a plaintiff may not amend the original complaint except with consent of the opposing party or leave of court, which leave "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Factors to be considered when considering a request to amend include undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). While leave of court should be freely given when justice so requires, authority to amend "is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981) (citing *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir. 1979), *cert. denied,* 446 U.S. 939, 100 S. Ct. 2161, 64 L. Ed. 2d 793 (1980)), *cert. denied,* 454 U.S. 1098, 102 S. Ct. 672, 70 L.Ed.2d 640 (1981).

The Fifth Circuit Court of Appeal addressed a situation analogous to the present one in *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995). In that case, as in the present one, plaintiffs filed a motion to remand followed by a motion to amend their complaint. *Id.* at 258. The Fifth Circuit upheld the district court's denial of the motion to remand as plaintiffs failed to state a claim against the non-diverse defendant in their original complaint and accordingly the non-diverse defendant was improperly joined. *Id.* at 259-64.

The Fifth Circuit also determined that the district court properly denied plaintiffs' motion to amend their complaint. *Id.* at 264-65. Specifically, the court agreed with the district court that the purpose of the proposed amendment was to better state a claim against the non-diverse defendant in an attempt to divest the court of jurisdiction. *Id.* The court observed that the plaintiffs' amended complaint attempted to "amend away the basis for federal jurisdiction" but that the general rule is that "removal jurisdiction is determined on the basis of the state court complaint at the time of removal, and . . . a plaintiff cannot defeat removal by amending it." *Id.* at 265.

Plaintiffs seek to amend their pleading to assert that Trahan knew of the "customary method" by which plaintiff asserts the parties agreed it would remove metal from the scrap yard. Doc. 10-2, ¶ 13. Plaintiffs also amend to state that Trahan himself published allegations of theft to the police and "on information and belief" to others. Doc. 10-2, ¶ 28. These allegations go directly to whether plaintiffs can state a claim against Trahan. This court finds that these plaintiffs are seeking to amend their Complaint in an attempt to defeat this court's jurisdiction by enhancing the inadequate claims leveled against defendant Trahan in the initial pleading.

Further, the court finds that plaintiffs will not be significantly injured if their motion to amend is denied. Despite their having named Trahan as a defendant, plaintiffs still look only to PPG to satisfy their claim as they seek to hold PPG vicariously liable for Trahan's alleged torts. Doc. 10-2, ¶ 31. Plaintiffs' preclusion from naming Trahan does not preclude them from recovering for his alleged torts from defendant PPG, the entity to which they look for satisfaction in any event.[3]

---

[3] The fact that plaintiffs seek to collect for Trahan's alleged torts from PPG rather than Trahan further supports our conclusion that these allegations made against Trahan were interposed solely to defeat diversity jurisdiction.

# IV.
## Conclusion

For the foregoing reasons, it is ORDERED that plaintiffs' Motion to Remand [Doc. 9] is DENIED.

Additionally, it is ORDERED that plaintiffs' Motion to Amend/Correct Complaint [Doc. 10] is DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on September 30, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE